IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES M. MALARIK, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 07-392 |
| | ) | |
| v. | ) | Judge Conti |
| | ) | Magistrate Judge Caiazza |
| BEAVER COUNTY, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus filed by James M. Malarik be dismissed because it is apparent from the face of the Petition that he has not exhausted available state court remedies.

**II.   REPORT**

**A. Discussion**

James M. Malarik ("Malarik" or "the Petitioner") has filed a federal habeas petition pursuant to the provisions of 28 U.S.C. §2254. Malarik states that he pled guilty to Attempt to Acquire Drugs by Fraud and Receiving Stolen Property in April, 2006, and that he was sentenced to five years probation. In this federal habeas petition, he asserts that other charges, presently pending in the state court, arose from the same criminal transaction and that these charges should be dismissed. He also asserts that he has filed an Omnibus Pretrial Motion in the state court in

February, 2007, challenging the new charges.

A district court can dismiss a habeas corpus petition if it appears on the face of the petition that the petitioner is not entitled to relief. Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). Here, Malarik concedes that trial has not commenced on the charges he now challenges. That said, state prisoners seeking habeas relief in federal court are required to exhaust available state court remedies. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. §2254(c); Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion requirement is not jurisdictional, it "should be strictly adhered to because it expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." Landano v. Rafferty, 897 F.2d 661, 669 (1990). Moreover, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973).

Here, Malarik's available state court remedies have not been exhausted. From a procedural perspective, he is presently

awaiting trial on state charges, and must raise his affirmative defenses to those charges in the state courts and on appeal before he is entitled to seek relief in this court in a federal habeas petition.

## B. Certificate of Appealability

A certificate of appealability should be denied because jurists of reason would not disagree that Malarik has failed to exhaust his available state court remedies. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); see also Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III. CONCLUSION

It is recommended that the Petition for Writ of Habeas Corpus filed by James M. Malarik be dismissed because it appears on its face that he has not exhausted the available state court remedies.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, Malarik is allowed ten days from the date of service to file written objections to this Report. Failure to timely file objections may constitute a waiver of any appellate rights.

>                              s/Francis X. Caiazza
>                              Francis X. Caiazza
>                              United States Magistrate Judge

Dated: April 4, 2007

cc:
JAMES M. MALARIK
#130218
Allegheny County Prison
950 Second Avenue
Pittsburgh, PA 15219